**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-1563**

ZHI CHEN,

        Petitioner,

     v.

MATTHEW G. WHITAKER, Acting U.S. Attorney General,

        Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  December 20, 2018          Decided:  January 4, 2019

Before WILKINSON and DIAZ, Circuit Judges, and SHEDD, Senior Circuit Judge.

Petition denied by unpublished per curiam opinion.

Michael Brown, LAW OFFICE OF MICHAEL BROWN, New York, New York, for Petitioner.  Joseph H. Hunt, Assistant Attorney General, Stephen J. Flynn, Assistant Director, Annette M. Wietecha, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Zhi Chen, a native and citizen of the People's Republic of China, petitions for review of an order of the Board of Immigration Appeals (Board) dismissing his appeal from the Immigration Judge's denial of his request for asylum and withholding of removal.[*] We have thoroughly reviewed the record, including the transcript of Chen's merits hearing and all supporting evidence. We conclude that the record evidence does not compel a ruling contrary to any of the agency's factual findings, *see* 8 U.S.C. § 1252(b)(4)(B) (2012), and that substantial evidence supports the Board's decision, *see INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992).

Accordingly, we deny the petition for review for the reasons stated by the Board. *See In re Chen* (B.I.A. May 9, 2018). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*

---

[*] In his opening brief, Chen mentions the denial of protection under the Convention Against Torture (CAT) and sets forth the legal standard, but he does not present any argument contesting the finding that he failed to qualify for CAT relief. We therefore find that he has waived review of his CAT claim. *See Suarez-Valenzuela v. Holder*, 714 F.3d 241, 248-49 (4th Cir. 2013).

2